

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | |
|---|---|
| DEEP GAP FARM, INC., GEORGE G. LEVIN and GAYLA SUE LEVIN,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES AUSBURN and DEEP GAP CATTLE & TIMBER CO., LLC,<br><br>Defendants. | Civil Action No. 1:04 CV 249 |

## ANSWER

Defendants, answering the Complaint, say and allege:

### First Defense

The Complaint fails to state claims against the Defendants upon which relief can be granted.

### Second Defense

Defendants answer the numbered paragraphs in the Complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, except it is admitted that Plaintiffs George G. Levin and Gayla Sue Levin are citizens and residents of the State of Florida.

3. Denied, except it is admitted that Defendant Ausburn is a citizen and resident of the State of South Carolina residing in Beaufort, South Carolina. None of Defendant Ausburn's engagements for real estate or business activities in the State of North Carolina have been in his individual capacity.

4. Denied, except it is admitted that Defendant Deep Gap Cattle & Timber Co., LLC, is a North Carolina limited liability company.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, except it is admitted that the amount in controversy in this action exceeds $75,000, that the property involved in the transaction which is the subject of this action is located in Polk County and that some of the events that have given rise to the claims asserted in the Complaint occurred in the Asheville Division of the Western District of North Carolina.

6. Admitted.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied that Defendants were represented by Western Carolina Land Auction Company, Inc., in the negotiations for the purchase of the Premises and that Western Carolina Land Auction Company, Inc., served as the buyer's agent. Admitted that Defendant Ausburn was introduced to David Gillespie, Plaintiffs' agent and farm manager, by Beecher C. Allison and Frances W. Altman for Western Carolina Land Auction Company, Inc. Admitted that Defendant Ausburn requested of Western Carolina Land Auction Company, Inc., that he be permitted to negotiate a purchase of the Premises directly with the Levins and Deep Gap Farm, Inc. Admitted that Western Carolina Land Auction Company, Inc., complied with that request. Admitted that Defendant Ausburn thereafter negotiated the terms for Defendant Deep Gap Cattle & Timber Co., LLC to purchase the Premises. Otherwise denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, as no documents were attached to the Complaint served upon the Defendants. Defendants aver that an Offer to Purchase and Contract was entered into between Plaintiff Deep Gap Farm, Inc., and Defendant Deep Gap Cattle & Timber Co., LLC, and another Offer to Purchase and Contract was entered into between Plaintiffs George G. Levin and wife, Gayla Sue Levin, and Defendant Deep Gap Cattle & Timber Co., LLC, each for the sale of the Plaintiffs' respective interests in Deep Gap Farm, which agreements are the best evidence of their contents and speak for themselves.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, as no documents were attached to the Complaint served upon the Defendants. Defendants aver that an Offer to Purchase and Contract was entered into between Plaintiff Deep Gap Farm, Inc., and Defendant Deep Gap Cattle & Timber Co., LLC, and another Offer to Purchase and Contract was entered into between Plaintiffs George G. Levin and wife, Gayla Sue Levin, and Defendant Deep Gap Cattle & Timber Co., LLC, each for the sale of the

Plaintiffs' respective interests in Deep Gap Farm, which agreements are the best evidence of their contents and speak for themselves. It is denied that each Offer to Purchase and Contract contained language as appears in the quoted portion of the allegation in paragraph 14 of the Complaint, but it is admitted that each Offer to Purchase and Contract contained an indemnity provision.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, as no documents were attached to the Complaint served upon the Defendants. It is admitted that in October of 2003 Western Carolina Land Auction Company, Inc., filed suit against George G. Levin, Gayla Sue Levin and Deep Gap Farm, Inc., in the Superior Court of Haywood County, North Carolina, bearing civil Action No. 03 CVS 923.

16. Admitted.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, except it is admitted that Plaintiffs agreed to settle the claims of Western Carolina Land Auction Company, Inc., that Plaintiffs paid the sum of $412,500 to Western Carolina Land Auction Company, Inc., in settlement of the claims and that the payment by Plaintiffs of the sum of $412,500 to Western Carolina Land Auction Company, Inc., was a reasonable amount to satisfy Plaintiffs' obligation to such company for a real estate commission for the sale of Deep Gap Farm in settlement to avoid potential liability for a far greater amount.

18. Denied, as Defendants made no commitment to anyone relating in any way to the payment of a real estate commission on the sale transaction in question.

19. Denied, as the letter speaks for itself and is the best evidence of its contents. It is admitted that Defendants received the letter and did not respond to it.

20. Defendants incorporate herein their answers to paragraphs 1 through 19 above.

21. Denied.

22. Denied.

23. Defendants incorporate herein their answers to paragraphs 1 through 22 above.

24. Denied, except it is admitted that during the negotiations for the purchase of the Premises the Defendant Ausburn represented to Western Carolina Land Auction, Inc., that Plaintiffs' Farm Manager, David Gillespie, had told Defendant Ausburn in substance that if he came back to the Premises he should come back alone or don't come back. It is expressly denied that David Gillespie had not made such a statement to Defendant Ausburn because David Gillespie did in fact make such a statement to him.

25. Denied. Defendant Ausburn told Western Carolina Land Auction Company, Inc., that he had been told by Plaintiffs' agent and Farm Manager, David Gillespie, in substance that if he came back to the Premises he should come back alone or don't come back.

3

26. Denied. Defendant Ausburn told Western Carolina Land Auction Company, Inc., that he had been told by Plaintiffs' agent and Business Manager, Frank Preve, and Plaintiffs' agent and Farm Manager, David Gillespie, that Plaintiffs wanted to pay a commission to Western Carolina Land Auction Company, Inc., outside of closing because Frank Preve and David Gillespie did in fact make such statements to him.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

### Third Defense

All parties to the transaction described in the Complaint knew that Defendant Deep Gap Cattle & Timber Co., LLC, was introduced to the Premises by Western Carolina Land Auction Company, Inc., and its agents, and it is undisputed that Western Carolina Land Auction Company, Inc., was the procuring cause of the transaction. At the suggestion of Plaintiffs' Farm Manager, David Gillespie, Western Carolina Land Auction Company, Inc., permitted Defendant Ausburn to negotiate the transaction directly with Plaintiffs and throughout the time leading up to the closing of the transaction Defendants were led to believe by statements made by Plaintiffs' Business Manager, Frank Preve, and by Plaintiffs' Farm Manager, David Gillespie, that Western Carolina Land Auction Company, Inc., would be paid a sales commission by Plaintiffs and that the commission would be paid outside of the closing. This information was conveyed by Defendant Ausburn to F. W. Altman, agent for Western Carolina Land Auction Company, Inc. On more than one occasion after the closing of the transaction Plaintiff George Levin contacted Defendant Ausburn and asked what Defendant Ausburn thought was a reasonable amount to be paid to Western Carolina Land Auction Company, Inc. for its real estate sales commission. Plaintiffs were obligated to pay a sales commission to Western Carolina Land Auction Company, Inc., and failed and refused to do so until being sued by Western Carolina Land Auction Company, Inc., for such commission. At no time did Defendants make any commitment to pay anyone a real estate commission on the transaction in question. At no time did Western Carolina Land Auction Company, Inc., make any demand on Defendants for the payment of a real estate sales commission. No actions or commitments by Defendants or either of them formed the basis of the claim by Western Carolina Land Auction Company, Inc., against Plaintiffs for the commission and Defendants are indebted in no amount to Plaintiffs by reason of the indemnity provisions of the Offers to Purchase and Contracts quoted in the Complaint.

## Fourth Defense

Prior to the filing of a claim against Plaintiffs by Western Carolina Land Auction Company, Inc., Defendant Ausburn had multiple conversations with the individual Plaintiffs wherein he was told that Plaintiffs would pay Western Carolina Land Auction Company, Inc.'s commission, but that the amount was still subject to discussion. Plaintiffs made Defendants aware of the claim and subsequent lawsuit by Western Carolina Land Auction Company, Inc., against Plaintiffs for a real estate commission. Defendant Ausburn spoke about the claim with various of Plaintiffs' representatives on a number of occasions during the pendency of the action but at no time did Plaintiffs or any of their representatives ever suggest that the real estate commission was Defendants' responsibility, directly or pursuant to any contract indemnity provision. Plaintiffs handled, negotiated and settled the claim without notifying or even intimating to Defendants that the claim was a matter for which Plaintiffs would seek to hold Defendants responsible. Plaintiffs gave Defendants neither an invitation nor an opportunity to handle or defend the claim by Western Carolina Land Auction Company, Inc., for real estate commissions and made no mention of same until sending Defendants a letter on July 26, 2004, after having paid the claim. By reason of Plaintiffs' failure to notify Defendants of any claimed liability on Defendants' part pursuant to contractual indemnity and Plaintiffs' failure to give Defendants an opportunity to handle and defend the claim, Plaintiffs are guilty of laches and such conduct is pleaded in bar to Plaintiffs' right to recover herein.

## Fifth Defense

By reason of Plaintiffs' conduct or lack thereof as alleged in the preceding Fourth Defense, Plaintiffs are estopped to pursue their claims against Defendants.

## Sixth Defense and Counterclaim

1. The contracts between Plaintiffs and Defendant Deep Gap Cattle & Timber Company, LLC, provided that each party would indemnify and hold harmless the other from and against any and all claims or demands with respect to any brokerage fees or agents commissions or other compensation asserted by any person, firm or corporation by reason of the actions or commitments of the indemnifying party in connection with the contracts or the transactions contemplated thereby.

2. The claims made by Plaintiffs in this action are claims or demands with respect to a brokerage fee or agent's commission or other compensation and they arise out of commitments made by Plaintiffs which formed the basis of the original claim by Western Carolina Land Auction Company, Inc.

3. All expenses, costs and attorneys fees incurred by Defendant Deep Gap Cattle & Timber Company, LLC, with respect to its defense of this action are recoverable by said Defendant from Plaintiffs whose commitments formed the basis of such claim.

5

4. Plaintiffs' failure and refusal to satisfy Defendant Deep Gap Cattle & Timber Company, LLC's expenses, costs and attorney fees incurred in this action would constitute a material breach of the aforesaid contracts and said Defendant is entitled to recover in indemnity all such expenses, costs and attorney fees incurred herein from Plaintiffs, plus interest thereon from the date of payment until paid.

### Seventh Defense and Claim for Attorney Fees

The Complaint in this action purports to allege that Defendants violated N. C. GEN. STAT. § 75-1.1 and purports to claim treble damages for unfair and deceptive trade practices. The filing of this action was frivolous and malicious and the Plaintiffs knew or should have known at the time of filing that it was frivolous and malicious. Defendants are therefore entitled to recover their reasonable attorney fees to be taxed as a part of the court costs and payable by Plaintiffs, all pursuant to N. C. GEN. STAT. § 75-16.1.

WHEREFORE Defendants pray the Court that this action be dismissed, that Plaintiffs recover nothing from either of them, that they recover on their counterclaim for indemnity all expenses, costs and attorneys fees incurred in the defense of this action, that they recover their reasonable attorney fees pursuant to N. C. GEN. STAT. § 75-16.1, for the costs of this action and for such other and further relief as to the Court may seem just and proper. Defendants demand a jury trial.

ADAMS HENDON CARSON CROW & SAENGER, P.A.

By: _____
George Ward Hendon
N.C. Bar No. 2026

72 Patton Avenue
Asheville, N.C. 28801
Tel. (828) 252-7381
Fax (828) 252-5018

Attorneys for Defendants

6

## Certificate of Service

This is to certify that the foregoing Answer was served upon all other parties to this cause in the manner checked:

_x_ by depositing a copy thereof enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service to the attorneys for such parties listed below.

____ by leaving a copy thereof at the offices of the attorneys for such parties listed below with partners or employees.

Joseph P. McGuire
McGuire, Wood & Bissette, P.A.
P.O. Box 3180
Asheville, N.C. 28802

This 27th day of December, 2004.

_____
George Ward Hendon