FILED
RECEIVED "DB"
ASHEVILLE, N.C.
05 AUG -4 PM 4: 45
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| DEEP GAP FARM, INC., GEORGE G. LEVIN and GAYLA SUE LEVIN, <br><br>Plaintiffs, <br><br>v. <br><br>CHARLES AUSBURN and DEEP GAP CATTLE & TIMBER CO., L.L.C., <br><br>Defendants. | Civil Action No. 1: 04 CV 249 <br><br><br><br>**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS** |

Plaintiffs Deep Gap Farm, Inc., George G. Levin, and Gayla Sue Levin respond to Defendants' Motion to Dismiss, filed July 27, 2005 as follows:

1. Plaintiffs acknowledge that Plaintiff Deep Gap Farm, Inc. is a North Carolina corporation with its principal place of business in Florida, such that there is a lack of complete diversity with the Defendants, given that Defendant Deep Gap Cattle & Timber Co., LLC is also a North Carolina corporation.

2. Plaintiffs' counsel apologizes for their mistake that resulted in this matter being filed in federal rather than state court. The discovery taken in this case, and the Court's rulings on motions, have assisted in narrowing the scope of the parties' dispute.

3. Both Plaintiffs' counsel and Defendants' counsel knew from serving as counsel in the underlying litigation, which is referenced in paragraphs 15 - 17 of the Complaint in this court, that Deep Gap Farm, Inc. is a North Carolina corporation. In the underlying case, the Complaint filed for Western Carolina Land Auction by counsel for the Defendants in this case correctly pled that Deep Gap Farm, Inc. was a North Carolina corporation, which was admitted in that case by these Plaintiffs (as Defendants in the prior action). Similarly, the Amended Complaint filed for Western Carolina Land Auction by counsel for the Defendants in this case also correctly

1

pled that Deep Gap Farm, Inc. was a North Carolina, which allegation was again admitted by these Plaintiffs (as Defendants in the prior action).

    4. Plaintiffs do not complain about Defendants' delay in raising an issue about the lack of complete diversity among the parties, since the Defendants' counsel apparently made the same mistake as Plaintiffs' counsel in failing to recall from the prior action that Deep Gap Farm, Inc., while operated out of Florida, was incorporated in North Carolina. Plaintiffs acknowledge that, for diversity purposes, a corporation is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. s1332(c)(1); <u>Indiana Hi-Rail Corp. v. Decatur Junction Ry.</u>, 37 F.3d 363, 365 n.3 (7th Cir. 1994).

    5. Based upon the foregoing, Plaintiffs do not object to dismissal of this action without prejudice for lack of diversity jurisdiction. As an adjudication based other than upon the merits, a dismissal for lack of jurisdiction is appropriately a dismissal without prejudice under Rule 41. "The Rule is consistent with settled law that a dismissal for lack of jurisdiction is not a dismissal on the merits, and therefore, is ordinarily without prejudice." <u>Burgess v. Equilink Corp.</u>, 652 F.Supp. 1422, 1424 (W.D.N.C. 1987).

    6. In light of the Court's anticipated dismissal of this action, the Plaintiffs will not reply to the Defendants' Response to Plaintiffs' Motion to Compel Discovery, served July 29, 2005.

    WHEREFORE, Plaintiffs do not object to the dismissal of this action without prejudice for lack of diversity jurisdiction, based upon one plaintiff and one defendant being corporations incorporated in this State.

    This the 4th day of August, 2005.

McGUIRE, WOOD & BISSETTE, P.A.

_____
Joseph P. McGuire (NC Bar No. 6739)
Attorneys for Plaintiffs
Post Office Box 3180

2

OF COUNSEL:
Woodrow Melvin, Jr.
Coconut Grove Bank Building, Suite 302
2701 South Bayshore Drive
Miami, FL 33133-5359
Tel: (305) 854-6129

## CERTIFICATE OF SERVICE

This is to certify that the undersigned counsel has this date served a copy of the foregoing **Plaintiffs' Response to Motion to Dismiss** upon all parties to this action <u>via hand delivery</u> to:

        George Ward Hendon, Esq.
        E. Thomison Holman, Esq.
        Adams, Hendon, Carson, Crow & Saenger, PA
        72 Patton Avenue
        Asheville, NC 28801
        Attorneys for the Defendants

This the 4th day of August, 2005.

                _____
                Joseph P. McGuire
                Attorney for Plaintiffs